Honorable Judges of the 9th Circuit, my name is David Lockerbie. I represent Mr. Jonas Barsinas, a defendant in the court below in the appellant area. Mr. Barsinas is the principal of Dandab Elementary School here on Saipan, has been with the Public School System for some 20 years, is a career educator. This case is over the refusal of the District Court to grant a motion to substitute the Commonwealth as a defendant in place of Mr. Barsinas. A Commonwealth employee who had been sued in his individual capacity for allegedly tortious actions. Commonwealth law, CNMI Public Law 1522, provides that when a Commonwealth employee is sued individually for tortious actions, the Attorney General will investigate the claim. And if the Attorney General determines that the employee was acting within the scope of his employment when the actions occurred, the alleged actions, the Attorney General will so certify through the court. After the certification is filed, a motion to substitute the Commonwealth as the defendant is filed. If granted, the defendant employee is dismissed and the Commonwealth substituted as the defendant in his stead. This Commonwealth law is a nearly verbatim copy of the Federal Westfall Act, which was passed in response to a decision of the United States Supreme Court in the 1986 case of Westfall v. Irwin. Now, do you see any difference between a negligent act and a lawful act, deliberate act? No, Your Honor, not for purposes of the Westfall Act and Public Law 1522. What was the Attorney General's certification? The Attorney General's certification was that he was acting, that Mr. Barsettis was acting within the scope of his employment because the Attorney General determined that the actions complained of never occurred. So are we looking at something that never occurred? Yes. Or the interpretation of the Attorney General that the acts were within the scope of employment? Well, of course the acts never occurred, but this act has been interpreted by the United States Supreme Court to where the Attorney General can file such a certification if the Attorney General determines that the acts complained of simply did not happen. Okay, the acts didn't happen or they're not within the scope of employment. Which one? In other words, I don't know. If they didn't happen, it has nothing to do with the scope of employment. It just didn't happen. There's nothing there. Right, I agree. Okay, so is that the way we should look at this? Yes, but the Attorney General still has to file or not file a certification, and if the Attorney General does not certify that the acts were within the scope of employment, then the employee loses the protections of the Westfall Act or public health. How can you certify they were within the scope of employment if he certifies that they didn't occur? Well, I realize it's illogical, but that's the way the act has been interpreted. Well, that's just the beginning of the act. You say that the negligence is irrelevant under 1522, but on page 1522 it says commonwealth shall be liable in court for damages arising from the negligent acts of employees. And then later it says an action shall not be extended, shall not be instituted for money damages or injury caused by negligent act or omission. It's all 1522. But section 2208 of 1522 says negligent or other wrongful act or omission. Yeah, that's true. That's section eight. And then section five says negligent act or omission. Yes. So how can you reconcile those two? Well, I think the Federal Far Claims Act uses negligent or other wrongful act. And 2208 of 1522 uses that same language. There's some older language, older language in the Government Liability Act in 2204, which says negligent act and does not use the negligent or other terminology. It would be our position that the language in 2208, being from 2006, would be the operative language here. Well, let me ask a hypothetical to see if I understand how this works. Let's assume that for the sake of argument that a government employee committed an intentional battery. No doubt about it. In your view, could the attorney general certify that that was in the scope of employment on the job? I doubt the attorney general would do that. No, I'm not saying that. I'm just saying could the attorney general legally say, yes, I've investigated and it's all true. He committed an intentional wrongful battery while on the job. But I'm going to certify that's in the course and scope of his employment. Could the attorney general do that? Well, in a medical malpractice case, a surgeon operating on an individual, I can imagine that there could come a time when, yes, you could have a battery that was within the scope of your employment in that particular instance. But as a general case. I'm not talking about an intentional, wrongful, premeditated battery. I'm talking about, under the statute, is the attorney general permitted to certify that that's in the course and scope of employment, in your view? I would have to say yes, he would be permitted to do that. All right. If the attorney general does it under those circumstances, what are the consequences for the district court? Does the court just have to accept it? No. The certification can be challenged by the opposing side. It could be inquired into by the district court. The district court can hold a hearing. Right. And so let's say let's take it the next step in your view. It goes to the hearing and they say everybody agrees. Yes, it was an intentional tort battery committed on the job. The district court would be correct in accepting the certification, in your view, or not? Well, no. The certification is rebuttable.  So to get back to Judge Reinhardt's point, isn't this all just negligence that you can certify? No, Your Honor. Under the rule of Osborne v. Haley, the attorney general can certify that even when the attorney general determines after investigation that no acts occurred, nonetheless the attorney general can still certify that this is within the scope of employment. Because if the attorney general doesn't, then we have an innocent employee. We have an employee who says, I didn't do this. I have nothing to do with it. And he's going to be denied the protections of the Westphal Act and put to trial. I'm talking about a completely guilty employee. I mean, one who everybody agrees committed the wrongful act. Well, then the certification can be rebutted. It would be rebutted. Osborne's a federal case that was decided after the Commonwealth Act was adopted. How do we know that the Commonwealth Supreme Court would follow Osborne? Well, the Commonwealth has a long history of following federal tort case procedures. The Commonwealth is a small place. And for us to develop our own body of law in this area of law, it would be 20 or 30 years before anybody knew what anything meant. So stretching back to the days of the old Trust Territory, the first Commonwealth Act setting up for tort claims against the government, was modeled after a copy, really, of the Federal Tort Claims Act at that time. And then that was updated in 1986 to the current act, which is entitled the Government Liability Act, which also was a copy of federal law at that time. And then we have Public Law 1522 in 2006. You said you had 1522 in 2006 and followed the last enactment, which you said 2006. But the two sections I read you are both in the statute enacted in 2006. One is in Section 5. It says, Section 5 of 2002. That's enacted at the same time as Section 8, which talks about the remedy against the Commonwealth from a negligent or wrongful act or omission. I don't know how you reconcile the two. Well, there's a conflict in the statute. I don't think that conflict is material. We're already talking about the ability under the Westfall Act, under 1522, to certify to actions that never occurred. So any, you know, a talented player, maybe a not-so-talented one, can always find or can easily find an intentional tort or some kind of wrongful or willful thing to take it out of the area of negligence and just simply plead to survive a motion to dismiss because it's a well-pleaded complaint and just cut the statute. The statute wouldn't mean anything. There would be no protection for our cause. Well, neither would it mean anything if you say that it's only a negligent act. And then, you know, there's a difference between willful and negligent. And if the state wants to not exclude a willful act, then you're saying the state can't do that. It can't limit this to negligence. But let me ask you another thing about the way that Thomas's questions. If everybody admits it's guilty, there's no question about guilt of the act. You say, well, then you have a hearing. Well, suppose there's a dispute. Attorney General says, well, I don't think anything like this ever happened. And can the district judge say, well, there's a dispute about that. I think maybe it did. I'd like to have an evidentiary hearing. Can he do that? Oh, yes. Yes, that would be advisable. He should do that. So that under your theory, if in this case, if the district judge feels that it's not so clear that nothing happened, he could now hold a hearing. Oh, yes. Yes. Yes, he should.  Either if on both questions, whether the attorney general says it never happened or whether he says it happened in the scope of this employment, can he hold a hearing on either of those questions? Yes. Yes. It happens all the time that the attorney general, in an ordinary case where the incident occurred. Nobody's disputing that. It happens all the time that the attorney general certifies that actions now alleged to be negligent were within the scope of or were without the scope of employment. And the employee then being harmed by that may bring his own request for, may challenge the certification. Has sexual assault or rape, for instance, ever occurred within the scope of employment? I'm sorry, did you hear me? Yeah, I did hear you. Once again, I'm sorry.  And yes, you can have a situation in a hospital where this happened between two health care providers and it would be. Well, let's take an ordinary case. A government worker says, my supervisor raped me. Okay, no. No. Not within the scope of employment. Now, if an employee comes back and says, I didn't do that. He denies it completely. And after investigation, after the investigation, the attorney general investigates. In our case, we've had three investigations. We've had the EOC, the PSS investigation, and the attorney general's investigation. And nobody yet has found that any of this happened. But once the district court conducts a hearing, what is his standard? Does he just is it preponderance of the evidence? Yes. The certification can be overwritten by preponderance of the presumption. That is correct. It can be overwritten by preponderance of the evidence. That's based on Osborne? Yes. Based on what? Based on many, many cases under the Federal Tariffs Act. Osborne is one of them. And so you would say that we should say that the Mariana Supreme Court would adopt those cases as their law? Based on past experience. Past experience of the Commonwealth under the Federal Tariffs Act. Yes, Your Honor. And you would say that they would take the conflicting sections in the same act, one which talks only about negligence and one which talks about negligence or other torts, and they would disregard the first section? Yes, Your Honor. Okay. Thank you. Thank you. May it please the Court, Joseph Loria representing the plaintiff and appellee, Jomayan Kabir. Your Honor, what happened in this case is that the defendant, the school principal, Mr. Barsinas, sought to substitute the Commonwealth in for him on a claim for which the Commonwealth, this is an assault and battery claim, for which the Commonwealth is by statute not liable. That's the section 2204 that the district court referred to. May I ask you a question? Yes, Your Honor. Why do you care? I mean, I don't mean that facetiously, but normally the plaintiff would say, great, now I have the Commonwealth, and that's the deep pocket in this case. I'm assured of recovery. I don't understand why you're struggling against this. We wouldn't have the Commonwealth, Your Honor, because the Commonwealth is, by this same section 2204, provides that the Commonwealth is not liable upon a claim for assault and battery. And that's what was being attempted here was to take Mr. Barsinas out, to put the Commonwealth in so that the Commonwealth could then be dismissed out, and there wouldn't be any remedy for Mr. Barsinas against either one of them. I see. So on the one hand the Attorney General is saying the assault didn't occur, but if it did occur, then the Commonwealth is not liable, and you have no other remedy, basically. Yeah, if the Commonwealth is, if both Barsinas and the Commonwealth are dismissed out, we would have no remedy on this claim against either one, and that's the situation that Barsinas is attempting to create, and which the district court denied. What is your response to counsel's argument that this should go back to the district court to determine a factual claim of whether or not there was an intentional act, and that we should do that and remand it based upon the Osborne decision and authority therein? Well, that's what we should do if this type of case was within the scope of public law 15-22 in the first place. What the district court found is that it was not, because of the basically reasoning that you can't substitute the Commonwealth in to a claim for which it is not liable, or you'll end up living plaintiff with no remedy. No, we're talking about the AG certification. In other words, the AG certification is why we're here. So if there is a dispute with regard to what the AG certified and the acts therein, because the AG says it didn't occur, these acts did not occur, shouldn't the district court, under the authority of Osborne, have a hearing to find out whether these acts did occur and whether they were intentional, and whether or not they would be within the act or not? Actually, Your Honor, we're not here because of the AG certification. The district court did not reach the AG certification. It never had occasion to reach that, because it found that this case was outside the scope of the certification statute altogether. It's a question that where you're not, where this type of case is not within the scope of the statute which sets up the whole regime of certification and substitution, you never get into that question. And that's what the district court held. How can you dismiss the AG certification? The AG certification, if the certification is as to whether or not the incident occurred or whether or not the principal was acting within the scope of his employment, that's something where if it's a relevant issue in the case, we'll be determined with a hearing and where we would have the opportunity to rebut that and to establish and introduce evidence in an evidentiary hearing that the incident did occur. In this case, we didn't reach that question. We didn't need to reach that question, because since this is an assault and battery case, there's no availability to substitute in whether it occurred or not, whether it was within the scope of employment or not. It's a question that really is irrelevant. And just at this stage, we just haven't reached that question, doesn't it? The conflict between the two sections in public law 1522. Yeah. You're relying on the first section, which is section five, which is the amendment to 2202. I don't know what I have in front of the bill, but that amends section 2202 by. I don't know what section it is. It's a limitations on tort liability. That's the one that says that it won't be instituted against the claim for negligent acts or omissions. And then section eight is where it says family against the Commonwealth is done from negligent or wrongful acts or omissions. Right. So is that not a conflict in the statute? Yes, there is. There is a conflict in the statute. There is a certain amount of ambiguity in the statute. The section actually that the district court relied on was was 2204, which was a preexisting section. It's not part of 15 dash 22. It was not amended by 15 dash 22. It was there all along. And that is I think the district court actually quotes it in the in the transcript of the argument below that the Commonwealth is not liable upon a claim for assault and battery. So the question becomes, how then are you supposed to substitute the Commonwealth in as a defendant on a claim for which it cannot be liable? Doesn't happen all the time under federal law where I think it's under the Westfall Act. You know, but you substitute the United States for the individual and then it's dismissed. Well, that's that's actually that's actually what Mr. Barsett is arguing below. So this happens all the time in the federal practice. He's never supported that. I think there are multiple opportunity. So I don't know if that's accurate or not. But if that is I think it's if that's the case under the federal law, I think it is incumbent upon him to support that. And he has not done it. Well, I know you may not have done it, but I think that is the case. I always thought it was a rather bizarre process. But the attorney general does substitute the government and then the case gets dismissed. I mean, it's. Well, that raises a second question. And whether it was the CNMI's intent when it adopted some of the same statutory language to adopt that same bizarre process, which I agree is a bizarre process. I think the district court agreed with that as well. I think a bizarre and an unjust process. It leaves the plaintiff without a remedy against either. And the question is whether the CNMI intended to adopt that. Along with some of the other aspects of the Westport Act and all the indications in the statute and in the other law of the CNMI is to the contrary. Wouldn't the best way to resolve that question be to certify it to the Supreme Court of the CNMI? That would be one way to do it. Yes. I think that the district court is competent to to to reach that question. But it is a question that has not been reached by the CNMI Supreme Court. And it could be it is something that could be certified. But it's it's so far as the CNMI. I know that Mr. Bases made the comment that the CNMI not having much love its own was adopting these federal laws. But in fact, what the CNMI did not having a body of its own law in the first instance was to adopt the common law as a whole. Even by statute, it's set out that the common law shall be the rule of decision absent contrary written law. And so the CNMI is the jurisdiction that values the common law quite, quite, quite highly and specifically makes it the rule of decision, perhaps more so than other jurisdictions. And you have it adopting the principle that a common law rights will not be deemed abrogated by statute unless it unless it clearly appears. You don't you don't have any of that here. You don't have anything clearly appearing to show that it was the intent of the legislature to deprive the plaintiff of his right to sue for assault and battery and recover against anyone. It's not it's not here that that was the intent. In fact, if you look at the language of the statute, it was that the contrary was clearly in the legislature's mind. In the findings and purpose of public law, 15 dash 22, the legislature talks repeatedly about situations where even though the Commonwealth is liable, no individual liability can attach to the employee. That's the kind of situation that they're addressing. The purpose of the Commonwealth legislature in adopting this Westfall language was was really a different purpose from the federal purpose. The federal purpose, if you read the Westfall Act, was focused on the protection of the employee. The Commonwealth purpose was really quite different. The Commonwealth's purpose was to protect the Commonwealth from the expense of double litigation, of having to represent both the employee and the Commonwealth in a situation where the Commonwealth, not the employee, was going to end up being liable. But that's not explicitly. That's not what we have. Then the purpose also was to also take care of the good faith actions of the employee within the scope for employment. The employee was thought of with that act, too. And that's why the employee gets to be substituted out. The second part of it is, of course, saving the money spent on litigation. But the idea was to save the employment and the public employees were thought about with that act, too. But again, what we're talking about here is not is not a good faith action. What we're talking about, this is not the kind of negligence where somebody needs to kind of be. I understand that. However, once the Commonwealth adopted the law, it provided for the certification. And that's what the AG did here. The district judge just said, no, we're not going to do this. I just don't know what you do with the circumstance where the law provides for the certification. He has he certified and the employee moves to be substituted. The Commonwealth be substituted in. How can the how can the judge just ignore that and say, I don't like this result? And shouldn't the Commonwealth be deciding what should be done in these circumstances? Or should we follow Osborne and say, let's have a hearing? And that that was never been adopted by the Commonwealth. No, that is not that has not been adopted. And it may or may not be. That's not entirely clear if we get to that point. But I don't think what the district court did was just to say, I don't like this result. I mean, I think what the district court did was to to look at the statute and to look at it. Not just 1522 by itself, but 1522 as it relates to the preexisting law and to try to reconcile that. And to to find that the the whole intent and focus of the 1522, despite some ambiguous and ambiguous and language in some sections of it, that the overall intent of this was for negligence actions and that intentional tort situations, including assault and battery, were not meant to be within its scope. And the portions of the Commonwealth law so providing we're not we're not altered by this. One difference between federal law and Commonwealth law is Commonwealth provisions for limitations on liability and insurance coverage and extends the government's liability up to the extent of any insurance policy. The government has nothing as far as I know in the Westfall Act about providing for limitations on liability for the government. This seems to be in some respects quite different. In some respects, yes, it is. Which is why it seems to me we are trying to find out from the Commonwealth exactly what courts think it has in mind for this act. Yes, Your Honor. One more question, sir. He was interpreting the Commonwealth statute and saying it's limited to negligence claims only. And that's what we're reviewing. Is that correct? Yes, it is. May I proceed? Please do. As to the purpose of the act, the purpose of the adoption of the 1522. In the findings and purpose section of the act on page two, following the decision of the United States Supreme Court in Westfall, the United States Congress passed amendments to the Federal Foreign Claims Act to overcome the effects of the Westfall decision. Amendments provided in relevant foreign law, it goes on to say what it provided. These proposed amendments to the Commonwealth Government Liability Act would accomplish the same purpose for the Commonwealth. And then, so the legislature is saying we've looked at the Westfall Act, you know, we've copied the Westfall Act, we've put our name on it, and this is what we're doing. These proposed amendments to the Commonwealth Government Liability Act would accomplish the same purpose for the Commonwealth. Now that is as clear an expression of legislative enchantment as you can have. We want this to do exactly what the Westfall Act does, exactly what the Westfall Act does for the feds. Let me ask you another question here. The Attorney General's certification here doesn't say the incident didn't occur. It says that it didn't occur within the scope of employment. I'm sorry, say that again, please. Isn't it correct that the Attorney General didn't certify that the act did not occur, but instead that it did not occur within the scope of employment? How did it occur within the scope of employment? No, the Attorney General's certification says that the alleged actions, that Mr. Barsanis was acting within the scope of his employment at the time the alleged action, or the actions, alleged actions are alleged to have occurred. I'm sorry, I don't have anything to say about that. No, that's correct. He doesn't say the act did not occur. He subsequently did, though, didn't he? And then later, there's a supplemental to that that was followed as a declaration of the Attorney General, which states that, you know, I based my certification on my finding that the acts, in fact, did not occur. The alleged acts. I don't quite understand how he can say that it didn't occur when he says that he was acting within the scope of his employment. Those two certifications seem totally inconsistent. If he says I based my finding that he was acting within the scope of his employment. And when he says what I meant was it didn't occur, how? No, when he, the certification, the certification says that he was acting within the scope of his employment when the, when the alleged actions, you know, allegedly occurred. There's no admission that those actions actually occurred. And then he says what I meant was it didn't occur. It was all allegations. Okay. And I gather you agree with your opposing counsel's characterization that if you win this, then, in fact, the certifications allowed you to seek dismissal of the action. Well, yes. Yes, we, yes, we would do that. And once again, it happens every day in federal practice. That's not before this court. Nobody's asking anything to be dismissed right now. All we're talking about is whether or not the government should be substituted in place of Mr. Garcetis as a defendant in this case. That's all we're talking about. No, I know that. Actually, I'm not asking you that. How about in another one? No, I understand that. I just wanted to make sure that we're all on the same page. Absolutely. Of course the government would move for that. What's your appeal? What do you think we ought to do with this case? Bottom line. Bottom line? Yes. One of two things. You should reverse it for sure. It's absolutely against federal law in many, many respects, which is all set out in the Osborne case. Squarely, squarely, squarely violations of the law. Now, what to do? Send it back for a regular hearing or send it back with instructions to certify a question or questions, there may be more than one question here, to the state of my Supreme Court and get their input. Thank you. I mean, it's their law. I have something to say about that. Okay. Thanks very much. Thank you. Thanks to both. The case just now will be submitted. The Court stands in recess for the day.
judges: Reinhardt, Brunetti, Thomas